Mercado, Peticionario, v. López Acosta, Juez de Distrito, Demandado.

Solicitud para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Guayama en causa por delito de conspiración.

No. 204.—Resuelto en febrero 2, 1918.

Conspiración—Derecho Constitucional—Gran Jurado—Cuestión Académica.—En Puerto Rico no rige actualmente el precepto de la Constitución Americana que garantiza el derecho a un gran jurado, por lo que resulta de interés meramente académico el discutir en este caso si el delito de conspiración es o no infamante, a los efectos de resolver si el acusado se encuentra dentro de los términos de dicho precepto constitucional.

Los hechos están expresados en la opinión.

Abogados del peticionario: Sres. *José A. Poventud* y *Gustavo Rodríguez.*

El Juez demandado, Hon. J. A. López Acosta, compareció en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El peticionario fué acusado por el Fiscal del Distrito de Guayama como autor de un delito de conspiración y al leérsele la acusación pidió que fuera desestimada por no haberse formulado por un gran jurado. Alegó el peticionario que por virtud de la nueva Ley Orgánica de Puerto Rico, aprobada el 2 de marzo de 1917, la isla había sido incorporada a los Estados Unidos y en tal virtud regía en ella la disposición constitucional que dispone que ninguna persona será procesada por un delito infamante sino mediante acusación presentada por un gran jurado. La corte declaró sin lugar la solicitud del peticionario.

Después de dictada esa resolución por la corte de distrito, esta Corte Suprema decidió el caso de Murati, 25 D. P. R. 568, en el cual se estableció que Puerto Rico era un territorio organizado e incorporado a la Unión, y el acusado Mercado pidió a la Corte de Distrito de Guayama que reconsiderara su anterior resolución. La corte de distrito

reconoció la fuerza de la doctrina establecida por esta Corte Suprema, pero estimando que el delito de conspiración no era infamante, negó la reconsideración solicitada. El peticionario entonces archivó su petición de *certiorari* en esta Corte Suprema y expedido el auto y oídas las partes el caso quedó definitivamente sometido a nuestra consideración y resolución.

Como se ve hay dos cuestiones envueltas en el recurso, la de si la Constitución de los Estados Unidos rige en Puerto Rico en todas sus partes por virtud del Acta del Congreso de 2 de marzo de 1917, y la de si aceptando que rija es o no infamante el delito de conspiración. Sin embargo, la segunda cuestión está enteramente supeditada a la primera.

Si en Puerto Rico no rige la ley constitucional que garantiza el derecho a un gran jurado, resulta de interés meramente académico el discutir si el delito de conspiración, que fué el imputado al peticionario, es o no infamante a los efectos de colocar al acusado dentro de los términos de la dicha ley constitucional.

La decisión de esta Corte Suprema en el caso de Murati, *supra,* fué apelada para ante el Tribunal Supremo de los Estados Unidos. La apelación se decidió el 21 de enero de 1918. La Corte Suprema se limitó a revocar la sentencia de esta corte por la autoridad del caso de *El Pueblo* v. *Tapia,* decidido el mismo día por medio de un *per curiam* basado en los casos de *Downes* v. *Bidwell,* 182 U. S., 244; *Hawaii* v. *Mankichi,* 190 U. S. 197; *Dorr* v. *The United States,* 195 U. S. 138; *Rassmussen* v. *United States,* 197 U. S. 516; *Kopel* v. *Bingham,* 211 U. S. 468; *Dowdell* v. *United States,* 221 U. S., 91; *Porto Rico* v. *Rosaly,* 227 U. S., 270, 274; *Ocampo* v. *United States,* 234 U. S., 91, 98.—*Official Bulletin,* No. 214.

Como se ve, el fundamento primordial en que descansaba la solicitud del peticionario ha caído por su base a virtud de las sentencias de la Corte Suprema de los Estados Unidos de 21 de enero último que hemos citado. Aplicando dichas

sentencias a este caso no cabe dictar otra resolución que no sea la de anular el mandamiento de *certiorari* que se había expedido y devolver los autos originales en la causa de *El Pueblo* v. *Rafael Arcelay y Julio Mercado* sobre conspiración a la corte de distrito de su origen para que continúe tramitándolos de acuerdo con la ley.

*Anulado el mandamiento expedido.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.